**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BOOST WORLDWIDE, INC.,**

                         **Plaintiff,**

    vs.                                              5:14-CV-86

                                                          (MAD/TWD)

**TALK TIL U DROP, WIRELESS, INC., and
SAM DEB,**

                         **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**COSNER YOUNGELSON**               **MARC D. YOUNGELSON, ESQ.**
197 Highway 18
Suite 104
East Brunswick, New Jersey 08816
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 28, 2014, Plaintiff Boost Worldwide, Inc. ("Boost") commenced this action alleging that Defendants Talk Til U Drop Wireless, Inc. and Sam Deb infringed on Plaintiff's trademarks and engaged in false advertising and unfair competition. *See* Dkt. No. 1. On March 20, 2014, Plaintiff obtained a Clerk's entry of default. *See* Dkt. No. 8. Plaintiff now moves for entry of a default judgment against Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint.[1]  Plaintiff is a provider of prepaid wireless services.  Dkt. No. 1 at ¶ 9.  Plaintiff currently has trademark registrations on four marks and logos ("the Boost Marks") for use with its telecommunications equipment, telephone cards, and telecommunications and educational services.  *Id.* at ¶¶ 11-14.  Plaintiff has used the Boost Marks in connection with promoting, offering and selling its goods and services continuously since 2002.  *Id.* at ¶¶ 15-17.

Plaintiff sells its products and services in large retail chains and select "small, authorized retail outlets disseminated strategically and geographically throughout the country."  *Id.* at ¶ 20.  Defendants are not authorized Boost dealers, and Plaintiff has not consented to Defendants' use of the Boost Marks in connection with the sale or advertising of wireless communications products or services.  *Id.* at ¶ 21.  Defendants improperly use the Boost Marks in signs, displays and other advertisements at their retail locations in Rochester and Syracuse, New York.  *Id.* at ¶¶ 22-23.

On January 2, 2014, prior to commencing this action, Plaintiff contacted Defendants by letter, requesting that Defendants cease their unauthorized use of the Boost Marks.  *Id.* at ¶ 25.  Despite Plaintiff's request, Defendants continued to use the Boost Marks in connection with their retail stores.  *Id.*

On January 28, 2014, Plaintiff commenced this action by filing a complaint alleging trademark infringement in violation of 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114, false advertising in violation of 15 U.S.C. § 1125, common law unfair competition, and common law unjust enrichment.  *Id.* at ¶¶ 26-54.  The complaint and summons were properly served on Defendants on March 3, 2014.  *See* Dkt. No. 6.  Defendants have not answered or otherwise

---

[1] Defendants have submitted no contrary evidence as to the material facts.

moved with respect to the complaint. Plaintiff obtained a Clerk's Entry of Default against Defendants on March 20, 2014. Dkt. No. 8. On April 9, 2014, Plaintiff filed the instant motion for entry of a default judgment against Defendants, seeking a permanent injunction enjoining Defendants from the unauthorized use of the Boost Marks and attorneys' fees and costs totaling $4,283.95. Dkt. No. 9.

### III. DISCUSSION

#### A. Legal Standards

Pursuant to Federal Rule of Civil Procedure 55(b), a default judgment shall be entered if a defendant has failed to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(b); *see also Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 (N.D.N.Y. 1987). Under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2, before a motion for default judgment may be granted, a plaintiff must (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; (3) send the defaulting party notice of the plaintiff's application for entry of judgment; and (4) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. "While 'the court must ensure that there is a basis for the damages

specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 190 (E.D.N.Y. 2009) (quoting *Fustok v. Conticommodity Servs. Inc.,* 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd*, 873 F.2d 38 (2d Cir. 1989)).

**B.     Analysis**

In the instant case, as referenced above, the complaint and summons were properly served on Defendants on March 3, 2014. *See* Dkt. No. 6. Plaintiff obtained a Clerk's Entry of Default against Defendants on March 20, 2014 and served Defendants with notice of its application for an entry of default judgment on April 9, 2014. Dkt. No. 8; Dkt. No. 9 at 1. Defendants have failed to answer the complaint or otherwise appear in this matter. Plaintiff has also fulfilled the procedural prerequisites for default judgment under Local Rule 55.2(b). Therefore, Defendants have defaulted within the meaning of Federal Rule of Civil Procedure 55(b)(2), and the Court will address liability and remedies.

### *1. Liability*

Plaintiff's complaint alleges Defendants violated the Lanham Act.[2] Dkt. No. 1 at ¶¶ 26-50. To succeed on claims under both sections 1114(1)(a) and 1125(a) of the Lanham Act, a plaintiff must show "that it has a valid mark that is entitled to protection under the Lanham Act and that [the defendant]'s actions are likely to cause confusion with [the plaintiff's] mark." *The Sports*

---

[2] Plaintiff's complaint also alleges common law unfair competition and unjust enrichment. Since Plaintiff has not addressed these claims in its motion for default judgment, the Court deems them abandoned and hereby dismissed without prejudice, while noting the likely duplicative nature of Plaintiff's unjust enrichment claim. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) ("[Unjust enrichment] is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. . . . An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." (citations omitted)).

4

*Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996) (citations omitted). A registered mark that has been in continuous use for five consecutive years subsequent to its registration and that continues to be in use is "'conclusive evidence . . . of the registrant's exclusive right to use the registered mark in commerce.'" *Gruner & Jahr USA Pub'g v. Meredith Corp.*, 991 F.2d 1072, 1076 (2d Cir. 1993) (quoting 15 U.S.C. § 1115(b)). In cases involving counterfeit marks, the Court need not undertake a formal discussion of the factors generally used to evaluate likelihood of confusion "because counterfeits, by their very nature, cause confusion." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003) (citations omitted).

Here, taking Plaintiff's well-pleaded allegations as true, Plaintiff owns four federally registered trademarks. Dkt. No. 1 at ¶¶ 11-14. Plaintiff has used the Boost Marks in connection with the promotion and sales of its goods and services since at least 2002. *Id.* at ¶ 15. Defendants are not authorized to use the Boost Marks, but display the Boost Marks in connection with their retail location in Syracuse, New York. *Id.* at ¶¶ 21-23. Defendants' use of the Boost Marks is inherently likely to cause confusion. *See Gucci Am.,* 286 F. Supp. 2d at 287. Accordingly, Plaintiff has demonstrated that Defendants have violated the Lanham Act.

### 2. *Permanent Injunction*

Plaintiff requests a permanent injunction enjoining Defendants from "the unauthorized use of the Boost Marks, including without limitation by requiring defendants to (i) remove any and all existing signage and destroy all advertising, displays, literature and other materials bearing the Boost Marks in a way that would violate the injunction entered herein; (ii) cease and desist the use of the Boost Marks going forward in any signage, advertising, displays, literature and other materials; (iii) cease the sale of Boost handsets and other products; and (iv) cease the sale [of]

5

replenishment minutes, or Re-Boost minutes, for Boost handsets and other products." Dkt. No. 9 at 7.

Where a violation of the Lanham Act has occurred, a court may issue a permanent injunction "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

In the present matter, Plaintiff has satisfied the requirements necessary for the Court to grant permanent injunctive relief. First, Plaintiff suffered an irreparable injury because Defendants' unauthorized use of the Boost Marks is likely to cause confusion. *See Genesee Brewing Co., Inc. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir. 1997) ("In the context of trademark and unfair competition injunctions, the requirement of irreparable harm carries no independent weight, as we have held that a showing of likelihood of confusion . . . establishes irreparable harm."). Second, without a permanent injunction, Defendants are likely to continue their infringing conduct. Since the loss of Plaintiff's goodwill and damages to Plaintiff's reputation caused by Defendants' ongoing unauthorized use of the Boost Marks cannot readily be quantified, remedies available at law are inadequate to compensate Plaintiff for its injuries. *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (affirming that injunctive relief is appropriate where monetary damages are difficult to establish and measure). Third, the Court

finds that the balance of hardships tilt in Plaintiff's favor, as Defendants incur no hardship in being required to comply with the Lanham Act, while Plaintiff suffers a hardship in being deprived of its rights to trademark protection for the Boost Marks. *See Elec. Creations Corp. v. Gigahertz, Inc.*, No. 5:12-CV-1423, 2013 WL 3229125, *5 (N.D.N.Y. June 25, 2013). Finally, a permanent injunction in this case would serve the public interest, as the enforcement of federal trademark law "'secure[s] the public's interest in protection against deceit as to the source of its purchases.'" *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012) (quoting *Fabrication Enters., Inc. v. Hygenic Corp.*, 64 F.3d 53, 57 (2d Cir. 1995)).

Consequently, the Court will grant Plaintiff's request for a permanent injunction. The Court denies Plaintiff's request to require Defendants to file a report in writing under oath detailing their compliance with the permanent injunction.

### 3. *Attorneys Fees and Expenses*

In addition to a permanent injunction, Plaintiff requests an award of attorneys' fees and costs in the amount of $4,283.95.[3] Under the Lanham Act, a prevailing plaintiff is entitled to the costs of the action, and courts "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Second Circuit has defined exceptional cases justifying an award of attorneys' fees as cases demonstrating "instances of 'fraud or bad faith,' or 'willful infringement.'" *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003) (citations omitted).

---

[3] Although Plaintiff's Complaint requested damages and Defendants' profits, in its motion for default judgment, Plaintiff expressly limits its requested judgment to attorneys' fees and costs, stating: "At this time, Boost is not seeking further damages, statutory or otherwise, from defendants. Rather, Boost seeks only a judgment for the fees and expenses it has incurred in connection with prosecuting this Action." Dkt. No. 9 at 9 n.2.

Here, prior to filing the instant case, Plaintiff notified Defendants of Plaintiff's intellectual property rights as to the Boost Marks and their usage and requested that Defendants cease their unauthorized use of the Boost Marks. Dkt. No. 9 at 41. Nevertheless, Defendants continued to use the Boost Marks in connection with their retail store. *Id.* at 8. Further, when Plaintiff filed the instant action, Defendants failed to respond and continued their infringing behavior. *Id.* at 81-82. The undisputed allegations of Plaintiff's Complaint and the evidence submitted in support of its motion thus establish willful infringement. *See, e.g.*, *Gen. Nutrition Inv. Co. v. Gen. Vitamin Centers, Inc.*, 817 F. Supp. 2d 66, 75-76 (E.D.N.Y. 2011) (finding willful infringement where the defendants continued infringing behavior after receiving a cease and desist letter from the plaintiff's counsel and failed to appear or defend against the plaintiff's action alleging willful infringement); *Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 354 (S.D.N.Y. 2010) (inferring willfulness from the defendants' default in trademark infringement action). Therefore, the Court finds that an award of reasonable attorneys' fees is appropriate. However, Plaintiff has failed to sufficiently substantiate the attorneys' fees requested.

Attorneys' fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Further, to determine if the hourly rate is reasonable, the Court is required to review "'prevailing market rates,' for comparable attorneys of comparable skill and standing in the pertinent legal community." *Id.* (citation omitted).

In the present motion, Plaintiff requests $3,500.00 in attorneys' fees. In support of this request, it has submitted an invoice from its counsel to Plaintiff's parent company which provides only the total amount counsel seeks for professional fees in connection with this case. *See* Dkt. No. 9 at 39. Plaintiff therefore failed to provide the necessary documentation of counsel's time

expended on the action, as well as information that would permit the Court to determine the reasonableness of counsel's hourly rate. Accordingly, the Court denies without prejudice Plaintiff's request for attorneys' fees.

Plaintiff has, however, provided sufficient support for its request of $472.00 in costs. *See* Dkt. No. 9 at 38. The Court will, therefore, award Plaintiff costs of $472.00.[4]

### IV. CONCLUSION

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED** consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendants are permanently enjoined from the unauthorized use of the Boost Marks at any location at which Defendants are doing business; and the Court further

**ORDERS** that Defendants shall (i) remove any and all existing signage and destroy all advertising, displays, literature, and other materials bearing the Boost Marks; (ii) cease and desist the use of the Boost Marks in any signage, advertising, displays, literature and other materials; (iii) cease and desist the sale of Boost handsets and other Boost products; and (iv) cease and desist the sale of replenishment minutes (Re-Boost Minutes) for any Boost products; and the Court further

**ORDERS** that Plaintiff is awarded costs of **$472.00**; and the Court further

---

[4] The Court notes that Plaintiff requests attorneys' fees and expenses totaling $4,283.95, yet provided evidence it incurred $3,500.00 in attorneys' fees and $472.00 in costs. Plaintiff provided no evidence of additional costs that would entitle it to recover the remaining $311.95 requested, and the Court therefore limits Plaintiff's recovery of expenses to the $472.00 documented.

9

**ORDERS** that Plaintiff's request for attorneys' fees is **DENIED without prejudice**; and the Court further

**ORDERS** that Plaintiff must move for attorneys' fees in accordance with Rule 54(d) of the Federal Rules of Civil Procedure within **FOURTEEN (14) DAYS** after the entry of judgment; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendants by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor.

**IT IS SO ORDERED.**

Dated: October 8, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge